IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS JACK TAYLOR III,<br><br>　　　　　Plaintiff,<br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Thomas Jack Taylor III ("Plaintiff"), by and through the undersigned counsel, files this Complaint and alleges, based upon Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

## COMPLAINT

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*

## PARTIES

2.　Plaintiff is a natural person residing in Wichita, Kansas and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.　Defendant LexisNexis Risk Solutions, Inc. ("Defendant") is a Georgia corporation and has a principal place of business located at 1000 Alderman Drive, Alpharetta, Georgia 30005. Defendant may be served with process via its registered agent, C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805.

- 1 -

4. Defendant regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. Pursuant to LR 3.1B(3), N.D.Ga., venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTS

8. In or around January 2026, Plaintiff applied for credit with NetCredit.

9. On or about January 23, 2026, NetCredit denied Plaintiff's application.

10. NetCredit informed Plaintiff that his application was denied because Plaintiff was reported as deceased by third-party sources.

11. The January 23, 2026 adverse action notice identified Defendant as the consumer reporting agency that prepared and furnished the consumer report

containing the deceased notation.

12. On or about February 11, 2026, Plaintiff received another notice from NetCredit informing him that his application for credit had been denied.

13. The February 11, 2026 adverse action notice again stated that Plaintiff's application was denied because NetCredit had received information from Defendant indicating that Plaintiff was deceased.

14. On or about February 15, 2026, Plaintiff received a third notice from NetCredit informing him that his application for credit had been denied.

15. The February 15, 2026 adverse action notice once again stated that Plaintiff's application was denied because Plaintiff was reported as deceased by third-party sources and identified Defendant as the consumer reporting agency.

16. Upon information and belief, Defendant prepared and furnished consumer reports to NetCredit in January 2026 and again in February 2026 that inaccurately reported Plaintiff as deceased.

17. Upon information and belief, NetCredit relied on Defendant's consumer reports in evaluating Plaintiff's credit applications, and the false deceased designation was a direct and substantial factor in NetCredit's decision to deny Plaintiff credit.

18. Plaintiff is not deceased and is very much alive.

19. As a result of the deceased notation, Defendant made it impossible for

Plaintiff to obtain necessary credit during the relevant time period.

20. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when Defendant prepared consumer reports that falsely reported Plaintiff as deceased.

## DAMAGES

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

### Actual Damages

22. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages.

23. Defendant's failure to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report resulted in Plaintiff being falsely reported as deceased, causing Plaintiff to repeatedly be denied credit.

24. Defendant's inaccurate reporting caused Plaintiff to be barred from participating in the credit and financial markets.

25. Plaintiff's actual damages also include but are not necessarily limited to: loss of credit; loss of the ability to purchase goods and services and benefit from

his creditworthiness; detriment to his credit standing; the inability to access financial products and services during the relevant time period; the expenditure of time, money and effort attempting to correct Defendant's inaccurate reporting; and, emotional distress, including significant stress, fear, anxiety, humiliation, and embarrassment arising from credit denials based on the false report that Plaintiff was deceased.

## Statutory and Punitive Damages

26. At all times pertinent hereto, the conduct of Defendant, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

27. Pursuant to 15 U.S.C. § 1681e(b), Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

28. Despite this obligation, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's consumer reports.

29. Defendant falsely reported Plaintiff as deceased, causing inaccurate, misleading, and patently false information to be included in Plaintiff's consumer reports.

30. If Defendant had followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, the false deceased notation would not appear in Plaintiff's consumer reports.

31. Defendant knew that its procedures for preparing consumer reports were not reasonable.

32. Defendant had the ability to establish and follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer reports but willfully failed to do so.

33. As a result of Defendant's willful noncompliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages, costs of this action, and reasonable attorneys' fees, as provided by 15 U.S.C. § 1681n(a).

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)

34. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

35. Pursuant to 15 U.S.C. § 1681e(b), Defendant is required to follow reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports about Plaintiff.

36. Despite this requirement, Defendant prepared inaccurate consumer

reports concerning Plaintiff that falsely reported Plaintiff as deceased.

37. On multiple occasions, Defendant prepared patently false consumer reports concerning Plaintiff by inaccurately reporting that Plaintiff was deceased when Plaintiff was in fact alive.

38. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in his consumer reports, in reckless disregard of the statutory requirements.

39. As a result of Defendant's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

40. Defendant's conduct, actions, and inactions were willful, rendering Defendant liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n.

41. Alternatively, Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover attorneys' fees and costs of this action from Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **DEMAND FOR JURY TRIAL**

43. Plaintiff is entitled to and hereby requests a trial by jury.

- 8 -

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

RESPECTFULLY SUBMITTED,

Dated: March 9, 2026

*/s/ Paul J. Sieg*
Paul J. Sieg, GA Bar #334182
CONSUMER ATTORNEYS, PLLC
2800 N Druid Hills Rd, Building A, Suite D
Atlanta, GA 30329
T: (470) 993-1886
E: pjsieg@consumerattorneys.com

*Attorneys for Plaintiff*
*Thomas Jack Taylor III*